IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLIPPER REDEVELOPMENT        :
COMPANY, LLC, et al.         :
          Plaintiffs         :
                             :
     v.                      :          CIVIL NO. L-05-3113
                             :
                             :
TEXAS WOODBERRY LAND &       :
CATTLE COMPANY, et al.       :
          Defendants.        :

## MEMORANDUM

Now pending is Plaintiffs' Motion to Remand.  (Docket No. 12).  No oral argument is

necessary because the parties have fully briefed the issues.  See D. Md. Loc. R. 105.6 (2004).

For the following reasons, the Court will, by separate Order, DENY the Plaintiffs' Motion to

Remand, WITHOUT PREJUDICE as to re-filing at the close of jurisdictional discovery.

## I.      Introduction

On November 16, 2005, Defendants Texas Woodberry Land & Cattle Co., Inc. ("TW")

and Chase Ridgely, III ("Ridgely") removed this case from the Circuit Court for Baltimore City.

On December 16, 2005, Plaintiffs Clipper Redevelopment Company, LLC and Clipper For Sale,

LLC (collectively, "Clipper") filed a Motion to Remand alleging lack of complete diversity

jurisdiction.[1]

While the parties agree that Clipper is a Maryland citizen, they dispute whether some or

all of the Defendants are Maryland citizens.  The record does not contain sufficient information

for the Court to determine whether diversity is complete.  Accordingly, the Court will permit this

---

[1]      The Plaintiffs argue that the Defendants did not timely file their notice of
removal.  The Court reserves judgment on this issue until the Plaintiffs re-file their Motion to
Remand at the close of discovery.

case to go to discovery on the issue of diversity jurisdiction only.

## II.     Background

On June 24, 2005, Clipper filed a complaint in Maryland state court alleging that Ridgely, TW, and four additional defendants, asserted an invalid title claim to a parcel of land owned by Clipper, causing Clipper to incur substantial damages.  In August 2005, the four additional defendants reached a settlement with Clipper and were dismissed from the suit.  On November 16, 2005, Ridgely and TW filed a notice of removal, claiming that the exit of the other defendants from the action gave rise to diversity jurisdiction.  On December 16, 2005, Clipper filed the pending Motion to Remand.

The Defendants argue that there is complete diversity because Clipper is a Maryland citizen but Ridgely is a citizen of Texas and TW is a citizen of Wyoming.  The Defendants allege that Ridgely has lived at a Dallas, Texas address for seven years, that his federal tax returns are sent there, and that he regularly attends a Dallas church.  Although Ridgely spends time in Maryland for business, the Defendants argue that his stated intention is to return to Texas when his business in Maryland is complete.

Clipper counters that Ridgely is a citizen of Maryland because he has maintained a Maryland address for all but two years since 1984.[2]  (Pls. Mem. in Supp. of Mot. for Remand, p. 13).  Clipper also claims that Ridgely has a Maryland Motor Vehicle Administration Soundex number, and he was a regular employee of a Maryland corporation from April, 2003 through July, 2005.  (Pls. Mem., p. 14).

---

[2]     Defendants argue that Clipper has confused Ridgely with his father.  Defs. Mem. in Opp'n to Pls. Mot. for Remand, p. 6.

Likewise, the Defendants argue that TW is a Wyoming citizen because it is incorporated in Wyoming, its offices and secretary are located in Wyoming, and it conducts the majority of its business from Pennsylvania, Texas and Wyoming.  (Defs. Mem., p. 7-8).  Clipper counters that TW's president, Charles Froehlich, resides in Maryland and has worked in Maryland in the past.  (Pls. Mem., p.12-13).  Clipper also argues that when TW registered with the Maryland State Department of Assessments and Taxation, it listed a Maryland address as the location of its principal office.  (Id. at 12).

## III.    Analysis

### A.    Ridgely's Citizenship

An individual is a citizen of the state where he is "domiciled," which is "the state he considers his permanent home."[3]  The essential elements of domicile are "[r]esidence in fact, coupled with the purpose to make the place of residence one's home."[4]  Factors frequently taken into account in considering an individual's domicile include, but are not limited to the individual's:

(1)    current residence;

(2)    voting registration and voting practices;

(3)    location of personal and real property;

(4)    location of brokerage and bank accounts;

(5)    membership in unions, fraternal organizations, churches, clubs, and other associations;

---

[3]    Dyer v. Robinson, 853 F. Supp. 169, 172 (D. Md. 1994).

[4]    Texas v. Florida, 306 U.S. 398, 425 (1939).

(6)     place of employment or business;

(7)     driver's license and automobile registration; and

(8)     payment of taxes.[5]

The record does not contain enough information for this Court to determine Ridgely's

domicile.  The Defendants claim that Ridgely has lived at a Dallas, Texas address for the past

seven years, but Clipper claims that Ridgely has maintained a residence in Maryland for all but

two years since 1984.   Ridgely's place of employment is unclear, and the record is silent about

Ridgely's voting registration and voting practices, the location(s) of his personal and real

property, and where Ridgely pays federal and state taxes.[6]

B.     Texas Woodberry's Citizenship

A corporation is a citizen of both its state of incorporation and the state of its principal

place of business.[7]   To determine a corporation's principal place of business the Court applies a

different test depending on the type of business the corporation practices.  The Court applies the

"place of operations" test when a corporation performs "physical operations, such as

manufacturing or sales."[8]  By contrast, the Court applies the "nerve center" test "when a

corporation engages primarily in the ownership and management of geographically diverse

---

[5]     Goode v. STS Loan & Mgmt., Inc., 2005 WL 106492, at *6 (D. Md. Jan. 14, 2005) (quoting Charles Alan Wright et al., Federal Practice and Procedure ¶ 3612, at 530-31 (2d ed. 1984)); Dyer v. Robinson, 853 F. Supp. 169 (D. Md. 1994).

[6]     The Defendants' assertion that Ridgely has the IRS send his federal tax returns to a Texas address does not establish that he pays his taxes there.  Defs. Mem., p. 5.

[7]     28 U.S.C. § 1332(c)(1) (2005).

[8]     See Peterson v. Cooley, 142 F.3d 181, 184 (4th Cir. 1998).  The place of operations test focuses on "the place where the bulk of corporate activity takes place." Id.

4

investment assets."[9]

The Court is unable to determine which test to apply because neither party has provided any information regarding the type of business TW practices.  Moreover, the record does not contain any factual information demonstrating where TW practices business.

Accordingly, the Court will deny Clipper's Motion to Remand without prejudice as to re-filing at the close of jurisdiction-related discovery.[10]  On or before May 16, 2006, Counsel shall confer and file a proposed schedule that (i) sets a deadline for the conclusion of jurisdiction-related discovery, and (ii) establishes a briefing schedule for Clipper's Renewed Motion to Remand.

**IV.      Conclusion**

For the foregoing reasons, the Court will, by separate Order, (i) ALLOW Clipper to conduct jurisdiction-related discovery; and (ii) DENY Clipper's Motion to Remand, WITHOUT PREJUDICE as to re-filing at the close of jurisdiction-related discovery.

Dated this 3rd day of May, 2006.

_____/s/_____
Benson Everett Legg
Chief Judge

---

[9]      Athena Auto., Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999).  The nerve center test establishes the principal place of business as "that place where the corporation makes the "'home office," or place where the corporation's officers direct, control, and coordinate its activities."  Id.

[10]      See Stratagene v. Parsons Behle & Latimer, 315 F. Supp. 2d 765, 768 (D. Md. 2004) ("If the existence of jurisdiction turns on disputed facts, the court . . . may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question.").